

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF NEW YORK**

*rr1-v/fx 

2 5 CV 6 6 8 2 MAV

**KAREN ELAINE OSBORNE,**
Plaintiff,

v.

**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES;**
**JOSEPH B. EDLOW, Director of USCIS, in his official capacity;**
**UNITED STATES ATTORNEY GENERAL;**
**UNITED STATES ATTORNEY FOR THE WESTERN DISTRICT OF NEW YORK,**
Defendants.

Case No. _____

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND NUNC PRO TUNC ORDER

(APA Action; 5 U.S.C. §§702, 706)

**INTRODUCTION**

1. This is an action under the Administrative Procedure Act ("APA "), 5 U.S.C. §§701-706, the Mandamus Act, 28 U.S.C. § 1361, and the Declaratory Judgement Act, 28 U.S.C. § 2201. Plaintiff seeks judicial review of agency action unlawfully withheld, unreasonably delayed and arbitrary and capricious. -Plaintiff was duly naturalized as a United States citizen in or about 1990 or 1991 at the former Immigration and Naturalization Service (INS) office located at 26 Federal Plaza, New York, New York when such naturalizations were done outside the court. For more than thirty years, she has lawfully exercised the rights and responsibilities of citizenship, including;
    . Voter registration and participation in elections;
    . Jury service in state courts;

page 1 of 9

. Eligibility for and receipt of public benefits; and
. Compliance with civic obligations and use of her Social Security number.

- Defendants, including United States Citizenship and Immigration Services ("USCIS"), have:

. Failed to preserve, locate, or produce Plaintiff's  naturalization record;

. Denied her Form N-565 application for a replacement certificate;

. Destroyed her Form I-290 B appeal without notice and adjudication;

. Failed to produce records from multiple Freedom of Information Act ("FOIA") requests; significantly delayed the appeal; its FOIA Ombudsman, Office of Government Information Services (OGIS), National Archives and Records Administration (NARA), stated it lacks information to assist;

. Defendant USCIS suggested she apply to re-naturalize which is not an adequate or lawful remedy because Plaintiff was already naturalized decades ago.

-Plaintiff faces due to these actions and omissions:

. Loss of essential benefits such as SNAP and Medicaid under new mandates;

. Barriers to obtaining Real ID and a passport;

. Inability to prove her long-standing citizenship for federal, state, and local purposes; and

. Worsening health stressors as she recovers from cardiac procedures. Plaintiff weathered uncontrolled seizures for decades, and faces a recurrence if access to care is lost.

-Plaintiff does not seek new naturalization. She seeks:

. A declaration that Defendants' failure to preserve and

produce her naturalization record violates APA;

. An order compelling Defendants to perform their

non-discretionary duties, including locating, adjudicating,

and correcting records; and

. Issuance of a replacement Certificate of Naturalization

OSBORNE    V   VSCIS, ET AL
PG 2    OF 9 / COMPLAINT

nunc pro tunc to the date of Plaintiff's original

naturalization.

- Plaintiff submits 33 exhibits in support of this Complaint. Some exhibits are directly referenced in the factual allegations and attached motions; others are provided as background and supporting context to demonstrate the patterns of government error, Plaintiff's diligence, and the real-world consequences of agency inaction.

## JURISDICTION AND VENUE

2. This Court has subject -matter jurisdiction under 28 U.S.C. § 1331, because this action arises under the laws of the United States, including the Administrative Procedure Act ("APA"), 5 U.S.C. §§701-706, the Mandamus Act, 28 U.S.C. § 1361, and the Declaratory Judgement Act, 28 U.S.C. §2201.
**Timeliness of Action under 28 U.S.C. § 2401 (a)**
This action is timely under **28 U.S.C. § 2401 (a)** and **5 U.S.C. § 704,** as no final agency action resolving Plaintiff's naturalization record status has occurred. Plaintiff submitted a timely I-290 B appeal October 7, 2011. In January 2020, notice of its destruction was disclosed to Plaintiff though online case status still showed said appeal as pending as did confirmation with the USCIS Contact Center. Plaintiff's claims therefore fall within the six-year limitation period applicable to civil actions against the United States, and this Court properly has jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 702. Plaintiff is mindful of cause of action, accrual, tolling and discovery rule in this matter.
Defendants' continuing failure to locate or reconstruct the record constitutes an ongoing unlawful withholding of agency action under 5 U.S.C. § 706 (1).
This Court has authority under 5 U.S.C. § 702 to review final agency action, agency action unlawfully withheld or unreasonably delayed, and actions taken that are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.
Relief in the nature of mandamus is appropriate under 28 U.S.C. § 1361 because Defendants have a clear, non-discretionary duty to preserve and produce naturalization records and to adjudicate Plaintiff's applications, and Plaintiff has no other adequate remedy at law.

3. Venue is proper in this District under 28 U.S.C. § 1391(e) because Plaintiff resides in Rochester, New York, Western District of New York, and Defendants are officers or employees of the United States acting in their official capacity.

OSBORNE          v    USCIS ,  ET  AL
Pg    3    of    9 / COMPLAINT

Plaintiff re-alleges and incorporates by reference all prior paragraphs of this Complaint as though fully set forth herein. This action arises under the Administrative Procedure Act 5 U.S.C. :    _. §§ 701-706, which provides for judicial review of federal agency action that is arbitrary, capricious, an abuse of discretion, contrary to law, or unreasonably delayed.

 Defendant agency had a non- discretionary duty to adjudicate Plaintiff's petition, application and appeal within a reasonable period of time and in accordance with governing statutes and regulations.

Instead, Defendant failed to do so. Defendant's delay and or destruction of Plaintiff's case file culminating in the issue of case destruction as referenced in notice January 2020, Exhibit 14, constitutes agency action unlawfully withheld or unreasonably delayed within the meaning of 5 U.S C. 7O6 (1).

Even absent the destruction notice, Defendant's failure to timely adjudicate and to provide Plaintiff with a meaningful opportunity to be heard violates the APA's requirement that agencies not act in an arbitrary or capricious manner under 5 U.S. C. §706 (2) (A).

 Defendant's actions and omissions have deprived Plaintiff of due process, have caused substantial prejudice to Plaintiff's legal rights, and have foreclosed Plaintiff's ability to obtain relief absent nunc pro tunc adjudication by this Court.

 Plaintiff seeks judicial review under the APA and requests that this Court:

. (a) Declare that Defendant's delay, destruction of records, and or refusal to adjudicate Plaintiff's case was arbitrary, capricious and contrary to law;

. (b) Order Defendant to grant nunc pro tunc relief and adjudicate Plaintiff's petition, application/appeal as though timely filed and properly maintained;

.(c) Grant such other relief as the Court deems just and proper.

Plaintiff has suffered concrete and particularized injury due to Defendants' actions and inactions, including inability to obtain identification and loss of due process rights. These injuries are directly traceable to Defendants' conduct and redressable by this Court.


## PARTIES

4. Plaintiff Karen Elaine Osborne is a resident of Rochester, New York, within the Western District of New York. Plaintiff was duly naturalized as a United States citizen in or about 1990-1991 and has lawfully exercised the rights and responsibilities of citizenship since that time

5. Defendant United States Citizenship and Immigration Services (USCIS) is the federal agency responsible for adjudicating naturalization applications and issuing Certificates of

OSBORNE   v   USCIS, ET AL
PG 4  OF 9  / COMPLAINT

Naturalization, administering the nation's immigration and naturalization laws, and the preservation of naturalization records.


6. Defendant Joseph B. Edlow is the Director of USCIS and is sued in his official capacity.

7. Defendant United States Attorney General is the chief law enforcement officer of the United States and is sued in their official capacity.

8. Defendant United States Attorney for the Western District of New York is responsible for representing the interests of the United States in this District and is sued in their official capacity.


## FACTUAL ALLEGATIONS

9. Plaintiff naturalized as a United States citizen in or about 1990 or 1991 at an administrative ceremony held by the former INS at 26 Federal Plaza, New York, New York.

10. Plaintiff's original Certificate of Naturalization was subsequently stolen, and USCIS has since failed to locate any record of her naturalization despite multiple Freedom of Information Act (FOIA) requests and Congressional inquiries as Exhibits 1, 2 and 7 , from 1992 to 2025, through no fault of Plaintiff. Plaintiff's adjudication occurred when work at INS was predominantly paper driven, and the naturalization certificate was likely not uploaded correctly across all databases. In September 2025, the Office of Senator Kirsten Gillibrand received the response further FOIA requests are futile. The Social Security Administration failed to update Plaintiff's record to reflect an adjustment of status, only examining the naturalization certificate's authenticity and returning it to Plaintiff.

11. Plaintiff has continuously resided in the United States from September 1983 as Exhibits 5, 8, 9, 10, and has received federal and state benefits as Exhibits 5, 10, 13, 19, 21, 22, 24, 25 restricted to U.S. citizens, including Social Security Disability Income, Medicaid, SNAP, and jury service. Plaintiff's jury service was accepted on two occasions; the lack of USCIS records was disclosed to the court, and Plaintiff was not dismissed. She has also voted in federal elections without challenge as Exhibits 19, 21, 22; manual checks were completed by Board of Elections at then INS as simple attestation was not solely accepted upon Plaintiff's first registration as a voter in Miami-Dade County, Florida in April 1995.

12. USCIS denied Plaintiff's N-565 application for a replacement certificate due to the absence of a naturalization record and destroyed a timely I-290B appeal without proper adjudication or notice as Exhibit 14, a violation of 5th Amendment due process. Plaintiff lost the opportunity to secure affidavits from persons adjacent to the naturalization ceremony due to delay in Defendant acting on the I-290B appeal. Said appeal was held

for approximately seven years. Defendant also declined said affidavits only demanding primary evidence -all an abuse of process. Defendants' destruction of Plaintiff's I-290B appeal without notice deprived Plaintiff of her statutory right to agency review, constituting an abuse of process and a violation of due process under the 5th Amendment.

> The General Accountability Office (GAO) has documented systemic deficiencies in USCIS' record keeping and adjudication processes, backlogs, and case mishandling. GAO-07-85, Exhibit 31, and testimony of Glenn Fine , Exhibit 32 detail the unreliability of the USIS database and legacy gaps. There are other reports included as well.

Plaintiff has made multiple diligent efforts to obtain proof of citizenship over three decades, all of which have been unsuccessful. Plaintiff suffers from Epilepsy, multiple other neurological conditions and cardiac dysfunction and urgently requires proof of citizenship to recertify for SNAP and Medicaid under new mandates. Loss of these benefits poses a risk of irreparable harm to Plaintiff's health and life.

USCIS and one Congressional office have suggested that Plaintiff should re-apply for lawful permanent residency status and then re-naturalize. Plaintiff respectfully submits this is not an adequate or lawful remedy. Re-naturalization would deprive her of legal status and rights previously conferred. It would also erase the original naturalization date, which is material to Plaintiff's eligibility for public benefits and other legal rights. Defendants' duty is to preserve, locate and correct existing records, not to impose redundant proceedings to cure its own failure to maintain records and naturalization files.

Plaintiff is medically disabled with multiple neurological conditions and cardiac dysfunction, and is unable to maintain employment necessary to re-start the naturalization process. APA prohibits agencies from forcing an individual to do so when the failure lies with the agency's own loss or destruction of records.

This is not a request to create a record, as USCIS may presume, but that a record be corrected due to APA 5 U.S.C. § 706. Noting Gagnon v United States 193 U.S. 451 (1904), the power to amend must not be confounded with the power to create.

OSBORNE   V   USCIS, ET AL
PG   6   of   9 / COMPLAINT

## CAUSES OF ACTION

### Count I – Declaratory Judgment (28 U.S.C. § 2201)

13. Plaintiff seeks a declaration that she was duly naturalized in or about 1990-1991 and that Defendants' failure to preserve and produce her naturalization record violates the Administrative Procedures Act. Plaintiff further seeks a declaration that she is entitled to agency action consistent with her original naturalization and to all rights and privileges flowing from that status.

### Count II – Mandamus (28 U.S.C. § 1361)

14. Defendants have a non-discretionary duty to maintain and preserve accurate and accessible records of naturalization and to adjudicate applications for replacement certificates based on those records. Their failure to do so warrants mandamus relief.

### Count III – Administrative Procedure Act (5 U.S.C. § 706)

15. Defendants' denial of Plaintiff's N-565 application and destruction of her I-290B appeal, and failure to preserve and locate her naturalization record constitute agency action unlawfully withheld, unreasonably delayed, and arbitrary and capricious in violation of the Administrative Procedure Act, 5 U.S.C. §706 (1)-(2).

Accordingly, Plaintiff is entitled to nunc pro tunc correction of her naturalization record to reflect the date of her original naturalization and to issuance of a replacement certificate under 8 C.F.R § 338.5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendants' failure to preserve and produce

Plaintiff's naturalization record constitutes agency action

unlawfully withheld or unreasonably delayed in violation of

the APA;

OSBORNE v USCIS, ET AL
Pg 7 of 9

B. Enter a nunc pro tunc order corresponding to Plaintiff's

original naturalization;

C. Grant such further relief as the Court deems just and proper.

D. Grant expedited consideration due to Plaintiff's medical status.

E. Order Defendants to locate, reconstruct, or certify the record of Plaintiff's naturalization and issue a replacement Certificate of Naturalization nunc pro tunc to her original date of naturalization.

Respectfully submitted,

_Karen Elaine Osborne_

Karen Elaine Osborne

Pro Se Plaintiff

129 Green Knolls Drive
Rochester, NY 14620
Email: karenosborne121@hotmail.com
Mobile: 954-683-6457
Landline: 585-360-4150
Date: _NOVEMBER 19 2025_

I, **Karen Elaine Osborne,** declare under penalty of perjury pursuant to **28 U.S.C. § 1746** that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

Executed on this ___9th___ day of ___NOVEMBER___, 2025, in Rochester, New York.

OSBORNE v USCIS, ET AL
PG 8 OF 9

I, **Karen Elaine Osborne,** hereby certify that this Complaint is submitted in good faith, that it is not being presented for any improper purpose, and that the claims and factual contentions have evidentiary support to the best of my knowledge.

Executed on this _____19th_____ day of _____November_____, 2025, in Rochester, New York.

I, **Karen Elaine Osborne,** hereby certify that a true and correct copy of the foregoing document has been submitted to the Clerk of Court for filing and docketing in this action.

Formal service of process upon Defendants -the Civil Process Clerk, US Attorney for the Western District of New York; the Attorney General of the United States; and the Director of USCIS, Office of Chief Counsel

**-will be effected by the United States Marshalls Service upon approval of Plaintiff's In Forma Pauperis application, in accordance with 28 U.S.C. § 1915 (d) and Federal Rule of Civil Procedure 4 (c) (3).**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _____19th_____ day of _____November_____, 2025

Karen Elaine Osborne

Pro se Plaintiff

OSBORNE  V  USCIS, ET AL
PG  9  OF  9

**VERIFICATION OF EXHIBITS**

I, **Karen Elaine Osborne,** declare under penalty of perjury that the attached Exhibits 1 through 33 are true and correct copies of records, correspondence, or other materials obtained directly by me or from government sources, and that they accurately reflect the matters referenced in my Complaint.

Executed on this ___19th___ day of ___November___, 2025

**Karen Elaine Osborne**

Pro Se Plaintiff

129 Green Knolls Drive

Rochester, NY 14620

954-683-6457  mobile

585-360-4150   Landline

karenosborne121@hotmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this ___19th___ day of ___NOVEMBER___ ,

      2025, I mailed the original complaint, motions, proposed orders, and exhibits, together with the Application to Proceed In Forma Pauperis and Civil Cover Sheet, by U.S. Postal Service certified mail, return receipt requested to:

Clerk of Court

United States District Court

Western District of New York

Attn : Pro Se Intake

Room 2120

Rochester, NY 14620

Karen Elaine Osborne

Pro Se Plaintiff

129 Green Knolls Drive

Rochester, NY 14620

954-683-6457. Mobile

585-360-4150. Landline

karenosborne121@hotmail.com

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF NEW YORK**

**ROCHESTER DIVISION**

**KAREN ELAINE OSBORNE**

Plaintiff, Pro Se

V.

**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES;**

**ATTORNEY GENERAL OF THE UNITED STATES;**

 **UNITED STATES ATTORNEY, WESTERN DIVISION OF NEW YORK.**

Defendants.

CASE NO: _____

PRO SE FILING -IN FORMA PAUPERIS APPLICATION ENCLOSED

ORIGINAL FILING PACKAGE

INCLUDES:

Civil cover sheet (JS-44)

Complaint for Declaratory and Injunctive Relief

Application to Proceed In Forma Pauperis

Motion and Proposed orders

Exhibits (1-33), with supporting documents

Verification and Certificates

Filed by:

KAREN ELAINE OSBORNE

129 Green Knolls Drive

Rochester, NY 14620

954-683-6457. Mobile; 585-360-4150 landline

karenosborne121@hotmail.com

Karen Elaine Osborne

129 Green Knolls Drive

Rochester, NY 14620

585-360-4150 landline

954-683-6457 Mobile

karenosborne121@hotmail.com

*

November __19__ ,2025

**Clerk of Court**

United States District Court

Western District of New York

100 State Street

Rochester, NY 14614

Re: Karen Elaine Osborne v. United States Citizenship and Immigration Services, et al.

Civil Action No. _____

Dear Clerk of Court:

Enclosed please find for filing the following documents in the above captioned matter, which I am submitting as a pro se Plaintiff:

1. **Complaint,** with attached **Exhibit List (1-33)** and Exhibits.
2. **Civil Cover Sheet (JS-44).**
3.  **Application to Proceed In Forma Pauperis.**
4. **Summons Forms (AO 440)**-three copies, directed to:

. U.S. Attorney for the Western District of New York
(Civil Process Clerk, Rochester), 100 State Street,
Suite 500, Rochester, NY 14614
. Attorney General of the United States,
950 Pennsylvania Avenue, NW, Washington, D.C.
20530-0001
. USCIS/ Joseph B. Edlow, Director USCIS, Office
of Chief Counsel, 5900 Capital Gateway Drive,
Mail stop 2120, Camp Springs, MD 20588-0009

5. **Motion to Expedite Proceedings,** with Proposed Order.
6. **Motion for ADA Accommodation,** with Proposed Order.

I respectfully request that the Court grant my IFP application, issue the summonses, and direct the U.S . Marshals Service to serve the Defendants pursuant to Fed. R. Civ. P. 4( i) and 4 (c) (3).

Additionally, I request the Court take notice of my pending **ADA Accommodation** Motion, as I am unable to present Real ID for courthouse entry , and I am also recovering from recent cardiac medical procedures that may limit my capacity for in-person proceedings.

A **self-addressed stamped envelope** is enclosed for return of file-stamped copies.

Thanks very much for your assistance and time.

Respectfully submitted,

Karen Elaine Osborne

Pro Se Plaintiff

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF NEW YORK**

**Rochester Division**


**KAREN ELAINE OSBORNE,**

Plaintiff,

v.

**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES;**

**ATTORNEY GENERAL OF THE UNITED STATES;**

**And**

**UNITED STATES ATTORNEY FOR THE WESTERN DISTRICT OF NEW YORK,**

Defendants.


Civil Action No. _____

**TABLE OF CONTENTS**

- **Section**                                                    **Page**


Introduction..................................................................... 1-2

Jurisdiction and Venue....................................................... 3

Parties............................................................................... 4

Factual Allegations ............................................................ 5-6

Cause of Action under the

Administrative Procedure Act

(5 U.S.C. §§ 702-706)......................................................... 7

**Section**                              **Page**

Prayer for Relief.................................... 7 - 8

Verification and Certification..................... 8 - 9

Certification of Service ....................... 9 / D

Exhibit List (1-33)............................... A1 - A3

Verification of Exhibits............................ B

Exhibits 1-33..................................... C

OSBORNE    V   USCIS    ET AL

CASE NO  _____

TABLE   OF   CONTENTS