UNITED STATES DISTRICT COURT
FILED
OCT 09 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KAREN ELAINE OSBORNE,

Plaintiff, Pro Se

v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al.,

Defendants.

Case No. 6:25-cv-06682-MAV

## PLAINTIFF'S SUR-REPLY REGARDING A STUDENT VISA NUMBER

## PRELIMINARY STATEMENT

Plaintiff Karen Elaine Osborne, proceeding pro se, respectfully submits this limited Sur-Reply pursuant to the Court's Text Order of September 30, 2026 (ECF No. 19).

In their letter dated March 23, 2026 (ECF No. 15) (the "Letter"), Defendants describe the identifier Plaintiff submitted, 201-00221739 (the "Identifier"), as a nonimmigrant student visa number issued to Plaintiff by the Department of State "when applying for admission to the United States on August 25, 1983." The Letter does not identify the source of that description, the record on which it rests, or how it was confirmed. Nor does the Letter explain whether the Identifier was used in the searches underlying the Certificate of Nonexistence ("CoNE") (ECF No. 10-2), or how Defendants were able to associate Plaintiff with the Identifier, a specific visa classification, and a precise date. Plaintiff previously identified this number in her filings as both her student visa number and her A-number. Decl. ¶¶ 2, 10; Exs. H, Q. Plaintiff had already submitted the Identifier with her original Complaint, ECF No. 1, Ex. 4.

Properly understood, the Letter supplied government-sourced information that Defendants have not explained, and it does not say what became of the status that information

reflects. The unexplained source of the Identifier matters because Defendants' Motion for Summary Judgment ("MSJ") (ECF No. 10) relies substantially on negative record searches, the absence of an identified A-number, and the CoNE.

## ARGUMENT

### I. Defendants' Own Letter Establishes the Historical Significance of the Identifier

The Letter establishes that the Identifier is not an unrelated or meaningless number. According to Defendants, the Department of State issued it to Plaintiff when she applied for admission. ECF No. 15. Thus, whatever its technical classification, the Identifier is directly connected to Plaintiff's documented immigration history.

The Court has described the MSJ as resting on the absence of any record that Plaintiff was admitted to the United States "as a non-immigrant, a lawful permanent resident, or a United States citizen." ECF No. 12; *see also* ECF No. 10-2 ¶ 4. The Letter now describes a nonimmigrant student visa number issued to Plaintiff when she applied for admission, information not accounted for in the CoNE.

Plaintiff does not contend that the student visa number itself establishes lawful permanent residence or naturalization. But neither does Defendants' characterization resolve what became of Plaintiff's immigration status after the visa was issued. The Letter establishes the meaning of the Identifier at one point in Plaintiff's immigration history; it does not establish that the Identifier had "no correlation" to Plaintiff's claimed immigration status, or to records subsequently created or maintained concerning her.

### II. Defendants' Characterization Does Not Resolve the Identifier's Treatment by INS

Plaintiff previously addressed INS's treatment of this Identifier in her Declaration and exhibits. Decl. ¶¶ 2, 9; Exs. M-1, M-2; Pl.'s Mem. of Law in Opp'n ("Opp. Mem.") (ECF No. 14), Part III.A. INS staff told Plaintiff in 1992 and 1993 that the A-number attached to her F-1

student visa was temporary and not valid for microfiche searches, and could not say which identifiers were linked to her records. Decl. ¶ 9. Plaintiff does not ask the Court to determine that the Identifier technically is an A-number. Rather, Plaintiff submits that Defendants' present characterization does not resolve how INS subsequently treated, recorded, indexed, or cross-referenced the Identifier.

Defendants' characterization of the Identifier as originating as a student visa number and INS staff's description of the A-number attached to Plaintiff's F-1 visa as temporary are not necessarily inconsistent with how the Identifier may have been treated at different times. The Letter addresses the number's origin; it does not address its subsequent administrative treatment.

## III. The Source of Defendants' New Information Remains Relevant

The Letter states that Defendants reviewed Plaintiff's 226 pages of filings "in hopes of locating any new data that could be used to assist with the search." ECF No. 15. It does not state how the Identifier's meaning and date were confirmed, or whether any search was conducted using the Identifier. The CoNE likewise describes searches by Plaintiff's name and date of birth and, in certain systems, additional identifiers, but does not state that any search used the Identifier, which Plaintiff had submitted with her Complaint. ECF No. 10-2 ¶ 3. That omission matters because Defendants were able to connect a number previously disputed in this litigation to Plaintiff and to specific historical immigration information.

Plaintiff submits that the source through which Defendants confirmed the Identifier may bear upon the treatment and continuity of that Identifier within Plaintiff's immigration records. That information is within Defendants' possession and is directly related to the student visa number issue the Court authorized in its Text Order.

## IV. The Letter Does Not Eliminate the Factual Dispute Presented by the Identifier

Summary judgment is appropriate only where there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Defendants state that the Identifier was issued by the Department of State, ECF No. 15, the same agency whose Consular Consolidated Database the CoNE reports searching without a match. ECF No. 10-2 ¶ 3. That leaves unresolved how Defendants confirmed the information and how INS subsequently treated the student visa.

Plaintiff does not ask the Court to infer naturalization from the student visa number; her claim of naturalization rests on the evidence in her Opposition. Plaintiff asks the Court not to treat Defendants' characterization of that number as resolving the broader factual dispute concerning Plaintiff's subsequent immigration history.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' MSJ (ECF No. 10).

Respectfully submitted,

KAREN ELAINE OSBORNE
Plaintiff, Pro Se
129 Green Knolls Drive
Rochester, NY 14620
Mobile: 954-683-6457
Landline: 585-360-4150
karenosborne121@hotmail.com
Dated: October 7, 2026

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

KAREN ELAINE OSBORNE, Plaintiff, Pro Se,
v.
UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al., Defendants.
Case No. 6:25-cv-06682-MAV

## CERTIFICATE OF SERVICE

I, Karen Elaine Osborne, certify that on October 7, 2026, I served a true copy of the foregoing Plaintiff's Sur-Reply Regarding a Student Visa Number by USPS certified mail, return receipt requested, addressed to:

Adam Khalil, Esq.
Assistant United States Attorney
United States Attorney's Office, Western District of New York
Kenneth B. Keating Federal Building
100 State Street, Suite 500
Rochester, NY 14614

I further certify that I caused the original to be filed with the Clerk of Court, United States District Court, W.D.N.Y., Kenneth B. Keating Federal Building, Room 2120, 100 State Street, Rochester, NY 14614.

I declare under penalty of perjury under 28 U.S.C. § 1746 that the foregoing is true and correct.

Dated: October 7, 2026

KAREN ELAINE OSBORNE
Plaintiff, Pro Se
129 Green Knolls Drive
Rochester, NY 14620

CERTIFIED MAIL

0710 5270 3664 8115 76

Retail

UNITED STATES POSTAL SERVICE

14614

U.S. POSTAGE PAID
FCM LG ENV
ROCHESTER, NY 14610
OCT 07, 2026

$12.18

RDC 99

S2322W501019-15

CLERK OF COURT
UNITED STATES DISTRICT COURT,
W.D.NY.
KENNETH B. KEATING FEDERAL BDLG.
100 STATE STREET
ROOM 2120
ROCHESTER, NY 14614

K. E. OSBORNE
129 GREEN KNOLLS DRIVE
APT "A"
ROCHESTER, NY 14620

USDC-WDNY
OCT - 9 2026
ROCHESTER