UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KAREN ELAINE OSBORNE,

Plaintiff,

-vs-

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, *et al.*,

Defendants.

DECISION AND ORDER

25-CV-6682-MAV

## INTRODUCTION

Plaintiff Karen Elaine Osborne commenced the present action in November 2025 seeking declaratory and injunctive relief for the alleged mishandling and destruction of her naturalization record. ECF No. 1. The matter is presently before the Court on a motion for summary judgment by Defendants United States Citizenship and Immigration Services ("USCIS"); Joseph B. Edlow, in his official capacity as the Director of USCIS; the United States Attorney General; and the United States Attorney for the Western District of New York. ECF No. 10. For the reasons stated below, the Defendants' motion is denied without prejudice to renewal upon the close of discovery.

## PROCEDURAL BACKGROUND

Plaintiff filed a complaint in November 2025 alleging that she has been a naturalized citizen since 1990 or 1991, but that Defendants have, among other things, failed to preserve, locate, or produce her naturalization record, which has resulted in the denial of her Form N-565 application for a replacement certificate of naturalization. ECF No. 1. Plaintiff alleges causes of action for: (1) declaratory

judgment under 28 U.S.C. § 2201 that she was duly naturalized in or about 1990 or 1991, and that Defendants' failure to preserve or produce her naturalization record violates the Administrative Procedures Act ("APA"); (2) an order of mandamus under 28 U.S.C. § 1361, directing the agency to replace her certificate of naturalization; and (3) violation of the APA under 5 U.S.C. § 706 for the agency's denial of her N-565 application and destruction of her I-290B appeal. ECF No. 1. Along with her complaint, Plaintiff filed 33 exhibits documenting her efforts to obtain a replacement certificate of naturalization and copies of her alleged naturalization record. *Id.*

In February 2026, Defendants served both an answer and – before any discovery was exchanged between the parties – a motion for summary judgment. ECF Nos. 9–11. Plaintiff responded to Defendants' motion with a memorandum of law, a counter-statement of material facts based on the averments in Defendants' answer, a declaration both in opposition and in support of her request for discovery under Fed. R. Civ. P. 56(d), and multiple exhibits. ECF Nos. 14 to 14-4. The Defendants replied, and the Court authorized Plaintiff to file a sur-reply. ECF Nos. 15, 20. The motion is therefore ripe for decision.

## FACTUAL BACKGROUND

In filing their motion for summary judgment, Defendants failed to comply with Loc. R. Civ. P. 56(a), which requires the submission of a statement of undisputed facts in support of a summary judgment motion, and requires the opposing party to provide a response. *See DeJesus v. Malloy*, 531 F. Supp. 3d 650, 658 (W.D.N.Y. 2021).[1]

[1] It does not seem Defendants complied with Loc. R. Civ. P. 56(b), either, which states "[a]ny party moving for summary judgment against a pro se litigant shall file and serve with the motion papers a

Plaintiff, however, provided both a counter-statement of facts based on Defendants' averments in their answer, as well as an unsworn declaration, submitted under penalty of perjury pursuant to 28 U.S.C. § 1746. ECF No. 14. Unless otherwise noted, the background below is based almost entirely upon Plaintiff's declaration.

Plaintiff states that she was born in 1965 in Kingston, Jamaica, entered the United States in 1983 on an F-1 student visa, alien number A:201-00221739, and has maintained continuous presence in the country since that time. ECF No. 14 ¶ 2, 22. She further states that she was naturalized as a United States citizen in either 1990 or 1991, at the then-INS offices at 26 Federal Plaza, New York City, but that she can't remember the exact date due to the theft of the original document in 1992. *Id.* ¶¶ 3–4. She states that at the naturalization, she surrendered her green card, took the Oath of Allegiance, and was issued a Certificate of Naturalization. *Id.* ¶ 3.

Plaintiff states that between 1991 and the present, she has exercised her rights of United States citizenship continuously, including: registering to vote in Florida in 1995, at which time a board of elections employee contacted INS and verified her citizenship (*Id.* ¶ 5); registering and voting in multiple elections in New York in 2021 (*Id.* ¶ 6); performing jury service in Florida (*Id.* ¶ 7); working jobs between 1988 and 1992, which required the employer to verify through the Form I-9 her eligibility to work in the United States (*Id.* ¶ 8); contributing from her earnings to the Social

---

'Notice to Pro Se Litigant Regarding Rule 56 Motion For Summary Judgment' in the form provided by the Court." Both Loc. R. Civ. P. 56(a) and (b) indicate that failure to comply may result in denial of the motion.

Security Administration (*Id.* ¶ 8); and receiving benefits through the Housing Choice voucher, Social Security, SNAP, Medicare, and Medicaid (*Id.* ¶ 17).

Plaintiff also recounts that she filed a Form N-565 application for replacement of her certificate of naturalization, but that that application was denied based on the absence of records in its databases. *Id.* ¶ 11; *see also* ECF No. 1-2 at 64–67 (Plaintiff's submission of a copy of the decision denying her application initially in April 2010, and on appeal to the agency's Administrative Appeals Office in November 2010). Plaintiff states that she then filed a Form I-290B appeal, which was held for over seven years without adjudication. *Id.* ¶ 12. She states that in January 2020, USCIS reported to her that it had destroyed her I-290B appeal and its supporting documentation. *Id.* ¶ 13 (citing to ECF No. 14-2 at 38, a communication from USCIS in response to her inquiry through a Congressional liaison which states "(USCIS) records indicate that your constituent's cases no longer exist and they have been destroyed."). She has filed requests under the Freedom of Information Act ("FOIA") concerning her lost documents, but has not received any relevant records in return. *Id.* ¶ 15.

Lastly, Plaintiff states that in the early-to-mid 2000s, she spoke by telephone with K. Tappia of the USCIS Ombudsman's Office, who acknowledged that Plaintiff's records had been lost and disclosed that a USCIS Handbook procedure, which was described as "broad favorable discretion," existed for mandatory reconstruction of records when FOIA searches failed and databases return no results. *Id.* ¶ 16. Plaintiff states that K. Tappia indicated this was the appropriate mechanism for adjudicating

Plaintiff's replacement certificate application, but that USCIS never applied this procedure. *Id.*

With their motion for summary judgment, Defendants submitted a "Certificate of Nonexistence of Record" ("CNR") signed by Kim M. Suffoletta, an Immigration Services Assistant ("ISA") for USCIS. ECF No. 10-2. The CNR certifies both that USCIS maintains centralized records relating to immigrant and nonimmigrant aliens[2] going back to 1948 and before, and that ISA Suffoletta was authorized to certify the nonexistence of an official USCIS record. ECF No. 10-2. The CNR further certifies that ISA Suffoletta, or an agency employee acting at her direction, searched for records related to Plaintiff in six databases: Central Index System, Person Centric Query Service, Person Centric Identity Services, Consular Consolidate Database, Arrival and Departure Information System, and Customer Profile Management System. *Id.* The CNR certifies that "after a diligent search was performed in these database systems, no record was found to exist indicating that the subject listed below obtained consent at any time . . . for admission into the United States as a non-immigrant, lawful permanent resident, or United States citizen." *Id.*

## LEGAL STANDARD

It is well-settled that summary judgment may not be granted unless "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for

[2] Under 8 U.S.C. § 1101(a)(15), an alien is an "immigrant" alien if he or she is not listed in one of the enumerated "nonimmigrant" classes, which by and large involve temporary admission for a specific purpose under one of the enumerated categories. *See, e.g.*, 8 U.S.C. § 1101(a)(15)(F) (defining the "non-immigrant" class of student visas); *see also* 8 U.S.C. § 1184 ("Admission of nonimmigrants").

summary judgment bears the burden of establishing that no genuine issue of material fact exists by citing to "particular parts of materials in the record . . . ." Fed. R. Civ. P. 56(c)(1)(A). *See also Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157–58 (1970). "'Where, as here, the burden of persuasion at trial would be on the non-moving party . . . the party moving for summary judgment may satisfy his burden of production under Rule 56 in either of two ways: (1) by submitting evidence that negates an essential element of the non-moving party's claim, or (2) by demonstrating that the non-moving party's evidence is insufficient to establish an essential element of the non-moving party's claim.'" *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 114 (2d Cir. 2017) (quoting *Farid v. Smith*, 850 F.2d 917, 924 (2d Cir. 1988)).

Once the movant meets his burden, the burden shifts to the non-moving party to demonstrate "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). To make this showing, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (quoting *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011)). Rather, the non-moving party "must come forward with specific evidence . . . ." *Brown*, 654 F.3d at 358.

In that regard, Fed. R. Civ. P. 56(d) provides that if the non-movant can show by affidavit or declaration that she cannot present facts essential to justify her opposition, the Court may defer considering the motion or deny it, or allow time to obtain additional discovery. Fed. R. Civ. P. 56(d). Thus, the Second Circuit has stated

that "'when a party facing an adversary's motion for summary judgment reasonably advises the court that it needs discovery to be able to present facts needed to defend the motion, the court should defer decision of the motion until the party has had the opportunity to take discovery and rebut the motion.'" *Elliott v. Cartagena*, 84 F.4th 481, 493 (2d Cir. 2023) (quoting *Com. Cleaning Servs., L.L.C. v. Colin Serv. Sys., Inc.*, 271 F.3d 374, 386 (2d Cir. 2001)).

If the Court proceeds to consider the merits of the summary judgment motion, the Court must view the underlying facts contained in affidavits, attached exhibits, and depositions in the light most favorable to the non-movant. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). A grant of summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993).

## DISCUSSION

Each of Plaintiff's three claims – for declaratory judgment under 28 U.S.C. § 2201 (as permitted by 8 U.S.C. § 1503), mandamus under 28 U.S.C. § 1361, and violation of the APA under § 706(1) and (2) – centers around allegations regarding Defendants' mishandling or destruction of her naturalization record. *See* ECF No. 1. In the motion presently before the Court, Defendants maintain that they must be awarded summary judgment because Plaintiff cannot show that the alleged subject of Defendants' misconduct, her naturalization record, ever existed. They argue that further discovery is unwarranted because "Defendants cannot be expected to produce documentation relating to Plaintiff where no such records are known to exist." ECF

No. 10-1 at 3.[3]

In response, Plaintiff maintains that Defendants have not met their burden of demonstrating the absence of a genuine issue of material fact, and invokes Fed. R. Civ. P. 56(d) as a basis for allowing this matter to proceed to discovery. ECF No. 14.

**I. Fed. R. Civ. P. 56(d)**

As indicated above, Rule 56(d) provides that if the non-movant can show by affidavit or declaration that she cannot present facts essential to justify her opposition to summary judgment, the Court may defer considering the motion or deny it, or allow time to obtain additional discovery. Courts have found this rule to be "'a safeguard against premature grants of summary judgment and should be applied with a spirit of liberality.'" *Morrison v. Stroman*, No. 12-CV-00542AM, 2014 WL 6685510, at *3 (W.D.N.Y. Nov. 26, 2014) (quoting *Holmes v. Lorch*, 329 F. Supp. 2d 516, 529 (S.D.N.Y. 2004)).

Nevertheless, "[t]he lack of discovery, in and of itself, cannot justify denial of a properly supported motion for summary judgment." *Bowden v. City of Buffalo*, No. 6:15-CV-06565 EAW, 2021 WL 1162879, at *7 (W.D.N.Y. Mar. 26, 2021). Rather, the Second Circuit articulated a test in *Meloff v. New York Life Insurance Co.*, 51 F.3d 372 (2d Cir. 1995) that district courts must use to assess requests under Rule 56(d). *Elliott*, 84 F.4th at 493. Under this test,

> A party resisting summary judgment on the ground that it needs additional discovery in order to defeat the motion must submit an affidavit pursuant to Federal Rule of Civil Procedure 56(d) (formerly

---

[3] Page references in the Court's citations refer to the pagination located in the upper-right hand corner of the cited document, which is generated by the Court's CM/ECF electronic filing system.

> Rule 56(f)), showing: "(1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts."

*Lunts v. Rochester City Sch. Dist.*, 515 F. App'x 11, 13 (2d Cir. 2013) (summary order) (quoting *Meloff*, 51 F.3d at 375).

**II. Plaintiff's Rule 56(d) Argument**

"[T]he submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation and internal quotation marks omitted). Liberally construing the arguments in Plaintiff's declaration and memorandum in opposition, the Court finds that she has adequately demonstrated a need for further discovery under Fed. R. Civ. P. 56(d) to allow her the opportunity to present facts sufficient to justify her opposition to Defendants' motion.

Plaintiff's opposition identifies several facts that she seeks to explore through the discovery process, such as the opportunity to develop further information regarding the circumstances surrounding the destruction of her I-290B appeal, and the databases that were searched and the comprehensiveness of the search underlying the CNR. ECF No. 14 at 24. For instance, 8 U.S.C. § 1360(d) provides that:

> A written certification signed by the Attorney General or by any officer of the [USCIS] designated by the Attorney General to make such certification, that after diligent search no record or entry of a specified nature is found to exist in the records of the Service, shall be admissible as evidence in any proceeding as evidence that the records of the Service contain no such record or entry, and shall have the same effect as the testimony of a witness given in open court.

Thus, the statute provides that the CNR is admissible as evidence, but not that it is

conclusive.

The need for discovery by which Plaintiff may probe the reliability of the conclusions of the CNR and ISA Suffoletta's search is demonstrated by the exchange in Defendants' reply and Plaintiff's sur-reply. Notwithstanding the statement in the CNR that "no record was found to exist indicating that the subject listed below obtained consent at any time . . . for admission into the United States as a non-immigrant, lawful permanent resident, or United States citizen," Defendants' reply stated that the number Plaintiff claimed to be her alien number – A:201-0221739 – "was confirmed to be the non-immigrant student visa number issued to Plaintiff by the U.S. Department of State when applying for admission to the United States on August 25, 1983 . . . ." ECF No. 15. In other words, although the search documented in the CNR revealed no records regarding Plaintiff's admission on non-immigrant status, Defendants' subsequent search seems to have yielded information regarding Plaintiff's admission on non-immigrant status.

In her sur-reply, Plaintiff argues that Defendants' reply establishes the need for further discovery. ECF No. 20. She points out that while Defendants' motion for summary judgment "relies substantially on negative record searches, the absences of an identified A-number, and the [CNR]," Defendants' reply indicates Defendants did, in fact, find records relevant to her initial application for non-immigrant status. *Id.* She maintains that she is at least entitled to discover the source of the information or the substance of the records contained within the source regarding Plaintiff's status. ECF No. 20. The Court agrees: Plaintiff has identified specific evidence raising a question of material fact as to the existence of any records regarding her

immigration status or naturalization.

Because Plaintiff has made a properly supported request for discovery under Rule 56(d), Defendants' motion for summary judgment must be denied without prejudice to refiling at the close of discovery. *Wallace v. J.M. Romich Enters., Inc.*, No. 17-CV-6424 CJS, 2018 WL 3023391, at *9 (W.D.N.Y. June 18, 2018).

**CONCLUSION**

For the reasons stated above, it is hereby ORDERED that Defendants' motion for summary judgment [ECF No. 10] is DENIED without prejudice to refiling at the close of discovery. By separate order, this matter will be referred to a United States Magistrate Judge to oversee the discovery process, and set a deadline for further dispositive motions.

SO ORDERED.

Dated: November 9, 2026
Rochester, New York

HON. MEREDITH A. VACCA
United States District Judge